# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEJANDRO MOISES ACEVEDO, | : | Civil No. 1:20-CV-01679 |
| Petitioner, | : | |
| v. | : | Judge Jennifer P. Wilson |
| THOMAS DECKER and ANGELA HOOVER, | : | |
| Respondents. | : | Magistrate Judge Martin C. Carlson |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2241 brought by an immigration detainee who is detained pursuant to 8 U.S.C. § 1226(c). The case is presently before the court on a report and recommendation issued by United States Magistrate Judge Martin C. Carlson, which recommends denying the petition without prejudice, and objections to the report and recommendation filed by Petitioner Alejandro Moises Acevedo ("Acevedo"). For the reasons that follow, the report and recommendation is adopted in its entirety.

### BACKGROUND AND PROCEDURAL HISTORY

Acevedo is a native of the Dominican Republic and a lawful permanent resident in the United States. (Doc. 1 at 1.) On April 30, 2018, Acevedo was convicted of possession with intent to distribute 500 grams or more of cocaine in the United States District Court for the District of Florida and sentenced to thirty months in prison. (*Id.* at 1–2.) The Department of Homeland Security ("DHS")

then initiated removal proceedings against Acevedo on March 27, 2020.  (*Id.* at 2.) During the removal proceedings, Acevedo conceded that he was statutorily barred from seeking asylum and withholding of removal due to his drug conviction, but he nonetheless sought relief under the United Nations Convention Against Torture ("CAT").  (*Id.*)  An Immigration Judge ("IJ") denied Acevedo's request for relief, and he then appealed to the Board of Immigration Appeals ("BIA").  (*Id.*)

Acevedo filed the petition for writ of habeas corpus that initiated the present case on September 15, 2020, asserting that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.  (*Id.* ¶ 22.) Respondents filed a response to the petition on October 14, 2020, and Acevedo filed a reply brief on October 28, 2020.  (Docs. 5–6.)

Judge Carlson addressed the petition in a report and recommendation on November 17, 2020.  (Doc. 7.)  Applying the four-factor standard set forth in *Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020), the report and recommendation concludes that Acevedo's detention has not become unreasonably prolonged and accordingly recommends that the petition be denied. (Doc. 7 at 15–18.)

Acevedo filed objections to the report and recommendation along with a supporting brief on December 1, 2020.  (Docs. 8, 8-1.)  Respondents filed a brief in opposition to the objections on December 15, 2020, and Acevedo then filed a reply

brief on December 22, 2020, making the report and recommendation ripe for the court's review. (*See* Docs. 9, 12.)

During the period of time in which the parties were briefing Acevedo's objections, the BIA issued a decision in Acevedo's removal case. (*See* Doc. 13 at 4–5.) The BIA concluded that an IJ needed to make additional findings of fact in accordance with the Third Circuit's holdings in *Myrie v. Att'y Gen.*, 855 F.3d 509 (3d Cir. 2017) and *Quinteros v. Att'y Gen.*, 945 F.3d 772 (3d Cir. 2019). (Doc. 13 at 5.) The BIA accordingly remanded the case and required the IJ on remand to "issue a new decision on [Acevedo's] application for deferral of removal under the CAT." (*Id.*)

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on

the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

## DISCUSSION

Although there is no statutory limit on the length of time a detainee may be detained under 8 U.S.C. § 1226(c), *Jennings v. Rodriguez*, 583 U.S. __, 138 S. Ct. 830, 846 (2018), a petitioner may still bring an as-applied constitutional challenge alleging that his continued detention has become unconstitutional under the Due Process Clause of the Fifth Amendment. *Santos*, 965 F.3d at 208–09. When considering whether the petitioner's detention has become unconstitutional, "[t]he most important factor is the duration of detention." *Id.* at 211. In addition to the duration of the petitioner's detention, the court must also consider "all the other circumstances" of the detention, including (1) "whether the detention is likely to continue," (2) "the reasons for the delay, such as a detainee's request for continuances," and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)).

The report and recommendation considered the above factors and determined that Acevedo's continued detention does not violate the Constitution.

(Doc. 7 at 15–18.)  Acevedo raises three objections to this conclusion.  (Doc. 8-1.)  The court will consider these objections seriatim.

Acevedo's first objection is that Judge Carlson erred by not treating his detention as suspect under *Santos* given that his detention has continued for longer than five months.  (*Id.* at 3.)  In *Santos*, the Third Circuit noted that detention that lasts beyond five months "becomes more and more suspect" the longer it continues.  *Santos*, 965 F.3d at 211.  The court clarified, however, that no presumption of reasonableness or unreasonableness attaches to any duration of detention.  *Id.*  Courts therefore are under no obligation to treat detention that lasts for a period of longer than five months as presumptively suspect.  *Id.*

In this case, Judge Carlson thoroughly analyzed the length of Acevedo's detention and concluded that it was not suspect.  (Doc. 7 at 15–16.)  The court sees no reason to depart from this well-reasoned conclusion and will accordingly overrule Acevedo's first objection.

Acevedo's second objection is that Judge Carlson did not give sufficient weight to the fact that his detention is likely to continue.  (Doc. 8-1 at 4.)  In the report and recommendation, Judge Carlson finds that the likelihood of continued detention "weighs slightly" in Acevedo's favor, given that there is "potential for further extensive proceedings" in the underlying removal proceeding.  (Doc. 7 at

5

16–17.) Acevedo objects to this conclusion, noting that there is "a strong likelihood of continued litigation" in his underlying removal case. (*Id.*)

A district court considering whether a detainee's continued detention under § 1226(c) is constitutional must consider "whether the detention is likely to continue." *Santos*, 965 F.3d at 211. "When the alien's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *Id.*

In this case, the BIA's December 18, 2020 decision supports Acevedo's contention that his detention is likely to continue, as the BIA has remanded Acevedo's removal case for further fact finding by an IJ. (*See* Doc. 13 at 4–5.) Thus, although the report and recommendation notes that there is potential for extensive litigation in the underlying removal proceeding, that potential now appears to be more likely in light of the BIA's remand of the case, and this factor accordingly weighs more in Acevedo's favor under *Santos* than it did prior to the BIA's decision.

Nevertheless, determining the effect that the BIA's decision will have on the duration of Acevedo's detention still requires speculation. On remand, the IJ might find in Acevedo's favor, which could end the removal case in short order. Either party might file another appeal to the BIA once the IJ has issued a new decision, which could extend the duration of Acevedo's detention. The court

6

cannot state with certainty whether Acevedo's removal proceedings "are unlikely to end soon." *Santos*, 965 F.3d at 211. Thus, although this factor weighs more heavily in Acevedo's favor than it did before the BIA's decision, the court still sees no reason to depart from Judge Carlson's conclusion that Acevedo's detention is constitutional, as the likelihood that Acevedo's detention will continue for a significant amount of time remains in question.

Acevedo's third objection is that Judge Carlson erred by failing to consider the fact that he is detained in a facility in which the conditions of his confinement do not differ from those individuals who are incarcerated in the facility pursuant to criminal charges. (Doc. 8-1 at 4–5.)

A district court considering a petitioner's detention under § 1226(c) must consider whether the conditions of the petitioner's detention are "meaningfully different" from criminal punishment. *Santos*, 965 F.3d at 211. "[I]f an alien's civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable. And as the length of detention grows, so does the weight that we give this factor." *Id.* (internal citation omitted).

Here, Acevedo argues that the conditions of his confinement are not meaningfully different from criminal punishment because he "is currently being held in a Pennsylvania county jail 'under conditions similar to those used to house persons accused of serious crimes.'" (Doc. 8-1 at 5 (quoting *Aneury R.T.M. v.*

7

*Green*, No. 18-CV-14908, 2019 WL 3543670, at *3 (D.N.J. Aug. 5, 2019))). Respondents contend that although Acevedo is housed in a facility with individuals who have been accused of serious crimes, the conditions of his confinement differ from those individuals' conditions of confinement, as immigration detainees like Acevedo "are housed in either dormitory style housing or cell blocks," both of which "contain day rooms with television and game availability." (Doc. 9 at 5–6.) Respondents also note that no immigration detainees, unless they are housed in disciplinary segregation or medical isolation, are confined to their cells for twenty-three hours a day. (*Id.* at 6.)

    Acevedo is correct that the report and recommendation does not specifically address the conditions of his confinement in its analysis of whether his detention is constitutional. When that factor is considered as required by *Santos*, it tilts in Acevedo's favor. *See Chavez-Alvarez*, 783 F.3d at 478 (finding that detention appeared to be punitive in nature where detainee was "being held in detention at the York County Prison with those serving terms of imprisonment as a penalty for their crimes").

    That finding, however, is not by itself sufficient to conclude that Acevedo's detention has become unconstitutional. Other courts in this district have considered cases in which detainees were detained under § 1226(c) in facilities that also housed criminal defendants for approximately the same amount of time that

8

Acevedo has been detained and have concluded that the detention did not violate the Constitution. *See, e.g.*, *Tomlinson v. Doll*, No. 4:20-CV-01369, 2020 WL 7049531, at *4 (M.D. Pa. Oct. 13, 2020) (concluding that detention for eight months was constitutional); *report and recommendation adopted*, No. 4:20-Cv-01369, 2020 WL 7048287, at *1 (M.D. Pa. Dec. 1, 2020); *James v. Doll*, No. 1:19-CV-01440, 2020 WL 820152, at *3 (M.D. Pa. Feb. 19, 2020) (holding that detention for "less than nine months" was constitutional); *Ohaimhirgin v. Lowe*, No. 1:18-CV-01934, 2018 WL 6650270, at *3 (M.D. Pa. Dec. 19, 2018) (holding that detention for "approximately nine months" was constitutional).

Like the petitioners in those cases, Acevedo has been detained under § 1226(c) for approximately nine months in conditions that are similar to the conditions in which criminal defendants are confined. The court finds no reason to depart from this body of case law, and accordingly finds that Acevedo's continued detention does not violate the Constitution, despite the fact that his conditions of confinement do not significantly differ from the conditions in which criminal defendants are confined. The court will therefore adopt the report and recommendation in its entirety and deny the petition without prejudice to Acevedo's right to file a renewed petition at some future time if his detention becomes unreasonable.

## CONCLUSION

For the foregoing reasons, Judge Carlson's report and recommendation is adopted in its entirety, Acevedo's objections are overruled, and the petition is denied without prejudice. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: January 13, 2021